IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Kyle Steib | Civil Action No. |
|     Plaintiff | |
| v. | |
| Trans Union, LLC; | Complaint |
| Equifax Information Services, LLC; | And |
| And | Demand for Jury Trial |
| Bank of America, N. A. | |
|     Defendants | |

**COMPLAINT**

NOW comes Plaintiff, Kyle Steib (hereinafter "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

**PRELIMINARY STATEMENT**

1.  This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.  Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Louisiana and their damages occurred here.

## PARTIES

4. Plaintiff is a natural person and is a citizen of Louisiana. At all relevant times to this complaint Plaintiff has lived in the Eastern District of Louisiana. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Trans Union, LLC, (hereinafter Trans Union) is a Foreign For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union is reporting on consumer credit files on about 250,000 consumers in the Eastern District of Louisiana.

6. Defendant, Equifax Information Services, LLC, (hereinafter Equifax) is a Foreign For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Equifax is reporting consumer credit files on over 250,000 consumers in Louisiana.

7. Defendant, Bank of America, N. A., (hereinafter, BOA) is a for profit company registered to do business in Louisiana and with a registered agent in Louisiana. Defendant is a "furnisher" of information, as defined by 15 U.S.C §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting

agencies about consumer transactions. BOA is a financial institution actively conducting business in Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

8. Defendants Equifax and Trans Union are reporting Plaintiff's Bank of America account number 24205**** on Plaintiff's credit report.

9. Plaintiff's debt on BOA account number 24205**** arose from a mortgage. On or about November 2017, the account was closed, and Plaintiff's payment obligations to BOA ceased.

10. The trade line was updated to reflect a $0 balance after the account was closed.

11. According to Plaintiff's Trans Union credit report dated 02/08/2019, Plaintiff's BOA account was closed with a $0 balance on or about 11/13/2017. Despite the BOA account number 24205**** being closed with a $0 balance on or before 11/13/2017, BOA continued to report an erroneous pay status of Account 30 Days Past Due on Plaintiff's Trans Union report dated 02/08/2019. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as late as of 02/08/2019. Not only is the BOA account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously closed with a $0 balance.

12. According to Plaintiff's Equifax credit disclosure dated 12/12/2018, Plaintiff's BOA account was closed with a $0 balance on or about 11/2017. Plaintiff's BOA account number 24205**** was closed with a $0 balance on or before 11/2017. Despite the BOA account number 24205**** being closed with a $0 balance on or before 11/2017, BOA continued to report an erroneous pay status of 30-59 Days Past Due as of 12/12/2018. It is impossible and incorrect for an account that is closed with a "0" balance to still be reporting as late as of

12/12/2018. Not only is the BOA account false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on this account that was previously closed with a $0 balance.

13. The pay status is of significance. Listing a debt with a $0 balance owed as past due is nonsensical. If no balance is owed, the consumer cannot be late paying the balance. By continuing to report a balance, however, lenders believe that the consumer is currently late, which negatively reflects on consumers' credit repayment history, their financial responsibility as a debtor, and their credit worthiness.

14. The computer algorithms used by the lending industry to determine a consumer's credit worthiness will misinterpret the status of Plaintiff's BOA account as reported by Trans Union and Equifax to be a current past due obligation.

15. Plaintiff disputed the inaccurate late pay status on his BOA account through a dispute letter sent to Equifax and Trans Union.

16. Trans Union and Equifax did not follow reasonable procedures to assure maximum possible accuracy and have been reporting false and inaccurate information even after they knew or should have known the information was incorrect.

17. Trans Union and Equifax did not provide a good faith investigation into the disputed pay status of the BOA account. Based on information and belief, Trans Union and Equifax did nothing more than parrot data from BOA in their investigation.

18. Based upon information and belief, Equifax and Trans Union received Plaintiff's dispute and transmitted the dispute to BOA, but Equifax and Trans Union failed to conduct a reasonable investigation. Had they done so, they would have discovered that the reporting of a

late pay status for a $0 balance account is nonsensical and wrong. Instead, both Equifax and Trans Union verified the erroneous trade line displaying the late pay status.

19. BOA continues to report, and Equifax and Trans Union continue to allow BOA to report, a pay status indicating that the debt is currently late.

## COUNT I
## TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

20. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

21. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

22. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

23. Trans Union negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Trans Union allowed BOA to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

24. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

25. Plaintiff's BOA account was closed with a $0 balance, but Trans Union continues to report the account with a late/past due status. If Trans Union had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that this account was paid, however, they continue to report a current status as past due.

26. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

27. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT II**
**TRANS UNION LLC'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) OF THE FAIR CREDIT REPORTING ACT**

28. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

29. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

30. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

31. Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested that Trans Union reinvestigate the inaccurate reporting of the current pay status on their BOA account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: Account 30 Days Past Due".

32. Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that BOA was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Based on information and belief, Trans Union forsook its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the BOA account. Trans Union simply parroted data from an ACDV sent to it by BOA. Based on information and belief, Trans Union did not place one call or send one email investigating Plaintiff's dispute of the BOA account. Trans Union simply regurgitated data from the ACDV.

33. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have

7

determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

34. As a direct and proximate cause of Trans Union's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

35. Trans Union's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681e(b) OF THE FAIR CREDIT REPORTING ACT

36. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

37. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

38. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

8

39. Equifax negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C § 1681e(b). This is evidenced by the fact that upon information and belief, Equifax allowed BOA to report a pay status as actively delinquent despite a $0 balance indicated on the trade line.

40. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block an account with a zero balance from being reported with a current status of past due or late.

41. Plaintiff's BOA account was closed with a $0 balance, but Equifax continues to report the account with a late/past due status. If Equifax had reasonable procedures, they would not allow an account to report as though the account is currently past due, with a "$0" balance. This is nonsensical. This account is reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their account current. Equifax lacks the procedures to avoid such faulty reporting. Equifax knows that this account was paid, however, they continue to report a current status as past due.

42. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

43. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT IV
## EQUIFAX'S VIOLATION OF 15 U.S.C. § 1681i(a)(1)(A) OF THE FAIR CREDIT REPORTING ACT

44. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

45. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

46. Said reports contained information about Plaintiff that was false, misleading, and inaccurate.

47. Equifax violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested that Equifax reinvestigate the inaccurate reporting of the current pay status on their BOA account via detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: 30-59 Days Past Due".

48. Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that BOA was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Equifax needed to determine this was in its own records and files. Based on information and belief, Equifax forsook its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the BOA account. Equifax simply parroted data from an ACDV sent to it by BOA. Based on information and belief, Equifax did not place one call or

send one email investigating Plaintiff's dispute of the BOA account. Equifax simply regurgitated data from the ACDV.

49. The fact that Equifax is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Equifax did not conduct a reasonable investigation. If Equifax would have thoroughly investigated the issues, they would have determined that the account was paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Equifax had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's account that is inaccurate and misleading.

50. As a direct and proximate cause of Equifax's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, and embarrassment.

51. Equifax's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT V
## BANK OF AMERICA'S VIOLATION OF 15 U.S.C. § 1681s-2 OF THE FAIR CREDIT REPORTING ACT

52. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

53. At all times pertinent hereto, BOA was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

54. BOA willfully and negligently supplied Equifax and Trans Union with information about Plaintiff that was false, misleading, and inaccurate.

55. BOA willfully and negligently failed to conduct a reasonable investigation of the inaccurate pay status information that Plaintiff disputed. Had BOA conducted a reasonable investigation, it would have recognized that the reporting of a late pay status on an account with a $0 balance is nonsensical and wrong.

56. BOA did not provide a good faith and reasonable investigation into the disputed current pay status on the account they report to Trans Union and Equifax on Plaintiff. BOA's investigation was unreasonable and lacking because it failed to lead BOA to correct the inaccurate pay status they were reporting to Trans Union and Equifax on Plaintiff. A reasonable investigation would have discovered that they should not be reporting the account to Trans Union and Equifax with a late pay status. If the account had been reported in either of these methods, it would have no longer been reviewed as a current past due obligation and would have had much less of an impact on Plaintiff's credit profile after two years from the date the account balance was eliminated. Instead, the BOA account is being reported as a current past due obligation monthly.

57. BOA willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

58. As a direct and proximate cause of BOA's failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish, humiliation, embarrassment, and injury to credit worthiness.

59. BOA's conduct, action, and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, BOA was negligent, which entitles Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant them a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### *This reporting is inaccurate and misleading*

60. The BOA account is not only inaccurate, but it is also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions. S*ee Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions").

61. Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by BOA and reported by Trans Union and Equifax is continuing to damage the Plaintiff's credit rating as well as their credit reputation.

62. At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

63. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

64. Trans Union and Equifax have been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union and Equifax were co-defendants in *Macik v. JPMorgan Chase Bank, N. A., et al.*: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). *See Exhibit A*. Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

65. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. *See Exhibit B*. Trans Union and Equifax know this because they were co-defendants and received an ECF copy of the ruling following the jury's verdict. Plaintiff cites this case to show that this inaccurate reporting is an issue that not only should be determined by a jury, but that, in fact, a jury has already returned a verdict on the issue deeming this type of reporting as inaccurate and a willful violation of the FCRA.

66. Trans Union's reporting of the current pay status has been inconsistent and contradicts the accuracy of their reporting of this status. Trans Union reported Plaintiff's zero-balance account with a late pay status and did not correct the late pay status following

investigation. But a subsequent credit report revealed that Bostick's account pay status was changed to reflect "current" even though he had not taken any actions that would have resulted in the pay status being updated following the investigation of his dispute. Trans Union is inconsistent in its reporting of zero-balance accounts that were previously late when the accounts were fully satisfied and continues to report fully satisfied accounts with a late status to the detriment of consumers such as Plaintiff. *See Exhibit C*.

67. This reporting is also materially misleading because the appearance of a late pay status appears as though Plaintiff is currently delinquent on the account. This type of reporting is so misleading that even a federal government agency views the pay status field as representing a current pay status. In *Settles v. Equifax Information Services LLC et al*, which was filed in the Eastern District of Texas under case number 4:19-cv-00344-ALM, Plaintiff Settles was denied employment by the federal government due to the reporting of a zero-balance account with a late pay status. *See Exhibit D*. So, the display of a late pay status on a zero-balance account is materially misleading because it appears as though an individual is currently delinquent, rather than historically so. If a federal government agency views the late pay status as a current pay status, it is reasonable to expect that a jury will reach the same conclusion, which was seen in the *Macik* case. Additionally, the letter attached as Exhibit D shows at minimum that reporting an account with a zero balance and a late pay status is materially misleading enough to confuse and misinform a federal government agency.

68. In *Hall v. Trans Union, Inc. et al*, which was filed in the Eastern District of Texas under case number 4:19-cv-00296-ALM and involved the same legal theory of the instant case of the inaccurate reporting of a zero-balance account with a late pay status, Defendant Wells Fargo

Home Mortgage's Motion to Dismiss was denied after the U.S. District Judge Amos L. Mazzant found that Plaintiff Hall stated plausible claims.

69. In *Soler v. Trans Union, LLC, et al.*, which was filed in the Central District of California under case number 2:20-cv-08459-DSF-PLA and involved the same legal theory of the instant case of the inaccurate reporting of a transferred student loan account with a zero-balance and a late pay status, Defendant Trans Union's Motion to Dismiss was denied after the U.S. District Judge Dale S. Fischer ruled that Plaintiff's Trans Union credit report contained no "definitive statement or guideline. . . indicating what 'pay status' means" and "[u]nder the 'patently incorrect or materially misleading' standard, a credit report is inaccurate if 'it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *See Soler v. Trans Union, LLC, et al.*, 2:20-cv-08459-DSF-PLA, ECF 21 (C.D.C.A. December 1, 2020). The District Judge concluded that a jury could find that Plaintiff Soler's credit report on its face is misleading in such a way that it adversely affects her credit. *Id*.

70. In *Friedman v. CitiMortgage, Inc.*, which was filed in the Southern District of New York under case number 18-cv-11173 and involved the same legal theory of the instant case of the inaccurate reporting of a transferred loan with a zero-balance account and a late pay status, Defendant CitiMortgage's Motion to Dismiss was denied after the U.S. District Judge Briccetti found that Plaintiff Friedman sufficiently alleged that "the tradeline on his credit report is misleading in a way that could adversely affect lenders' credit decisions." *See Friedman v. CitiMortgage, Inc.*, 2019 WL 4194350 at *3 (S.D.N.Y. September 3, 2019).

### *Industry Guidelines cannot negate Defendants' obligations under the FCRA*

71. The Defendants can rely on their industry guidelines as a defense in this matter. Please see *EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant.* "We agree with Plaintiff that Defendant may not use these guidelines as a defense here. Notably, Defendant does not cite to any legal authority for the proposition that adherence to these industry guidelines shields it from FCRA liability. (*See* ECF No. 86 at 15-16.) Indeed, the relevant case law plainly runs counter to this argument. *See, e.g.*, *Florence v. Cenlar Fed. S&L*, No. 16-587, 2018 U.S. Dist. LEXIS 34151, at *20 (D. Nev. Mar. 1, 2018) ("industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA."); *Burrows v. Experian Info. Sols., Inc.*, No. 16-6356, 2017 U.S. Dist. LEXIS 39845, at *21-22 (N.D. Cal. Mar. 20, 2017) ("FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards."). EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant., No. CV 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 30, 2020). !

### ***Third Parties have viewed Plaintiff's Trans Union and Equifax Credit Reports***

72. The negative tradeline(s) reported by BOA on Plaintiff's Trans Union and Equifax credit reports have been viewed by third parties all to the detriment and loss of the Plaintiff.

73. Plaintiff has suffered actual harm due to Trans Union and Equifax still reporting the negative tradeline provided by BOA on Plaintiff's Trans Union and Equifax reports even though Trans Union and Equifax were put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

### **DEMAND FOR JURY TRIAL**

74. Plaintiff demands trial by jury.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a. Actual damages pursuant to 15 U.S.C. §1681;

b. Statutory damages pursuant to 15 U.S.C. §1681;

c. Punitive damages pursuant to 15 U.S.C. §1681;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e. Such other and further relief as may be necessary, just and proper.

Dated: December 10, 2020

    Respectfully submitted,

        /s/Jonathan Raburn
        Jonathan Raburn
        ATTORNEY FOR PLAINTIFF
        Louisiana Bar Roll No. 28728
        McCarty & Raburn, A Consumer Law Firm, PLLC
        2931 Ridge Rd. Suite 101 #504
        Rockwall, Texas 75032
        jonathan@geauxlaw.com
        Phone 225-412-2777